LOWTHER ET UX. *v.* UNION TRUST COMPANY OF INDIANAPOLIS.

[No. 27,873.   Filed October 7; 1943.   Rehearing denied November 2, 1943.]

636

*Adney & Adney,* of Lebanon, *Floyd J. Mattice* and *Richard J. Lowther,* both of Indianapolis, for appellants.

*Paul Y. Davis* and *Gustav H. Dongus,* both of Indian-

apolis (*Dailey, Davis & Hartsock,* of Indianapolis, and *Parr, Parr & Parr,* of Lebanon, of counsel), for appellee.

FANSLER, J.—This is an action upon a promissory note, signed by both appellants as makers, and to foreclose a real estate mortgage given to secure the note. There was personal judgment against both appellants and judgment foreclosing the mortgage. The appellants are husband and wife, and the mortgaged property is held as tenants by the entireties.

The complaint alleges that the note in suit was executed and delivered in consideration of a loan of $20,000 by the plaintiff, and that the plaintiff is the owner of the note and does not hold it as trustee for any other person. The note is in the usual form and is payable to "The Union Trust Company of Indianapolis, Trustee or Bearer."

The appellant Janet O. Lowther answered the complaint in seven paragraphs, viz: general denial, payment, alteration of the note and mortgage securing it, that she was a surety and relieved of liability by reason of an extension of time of payment, fraud in concealing from her the purpose for which the note and mortgage were to be put, failure of consideration, and want of consideration. The answer of payment is based upon the allegation that the plaintiff held certain securities which were the property of Janet O. Lowther, which were sold for an amount more than sufficient to pay the note in suit. To this paragraph of answer the plaintiff filed an affirmative reply alleging that the securities in question were held as collateral security for other indebtedness of Richard L. Lowther in excess of their value and the amount for which they were sold and that the proceeds were credited upon that indebtedness. There was a reply in general denial to the other affirmative paragraphs of answer.

The appellant Richard L. Lowther answered the complaint in general denial, and by an affirmative paragraph alleging that the note and mortgage originally executed had been modified and that it was no longer a binding obligation. To this plaintiff replied in general denial.

On these issues the cause was submitted to the court for trial without the intervention of a jury. There was a general finding for the plaintiff upon the complaint and the affirmative answers, which was a finding against the defendants upon all of the issues tendered, and there was judgment accordingly.

Mrs. Lowther has assigned error upon the overruling of her motion for a new trial and the overruling of her motion to take additional testimony after judgment.

The contentions that the decision is not sustained by sufficient evidence are all predicated upon the assumption that Mrs. Lowther was a surety and not a principal maker of the note, and that there was no consideration for the note. But these questions were brought clearly within the issues by specific answers, and were decided contrary to her contentions, and these findings are supported by substantial evidence. Richard L. Lowther was indebted to the appellee in a large sum, represented by several notes, for the payment of which securities, most of which were the property of Mrs. Lowther, were pledged as collateral with her knowledge and consent. These securities had depreciated in value to such a point that the bank was insisting that the securities be sold in payment of the notes unless the amount of the indebtedness was reduced or new security furnished. There was evidence that to avoid a sale of these securities the mortgage loan upon the property of the appellants held as tenants by the entireties was arranged. In consideration of the note

in suit the check of the bank, payable to both of the appellants, was issued and delivered to them and was indorsed by them and redelivered to the bank as a credit upon the Richard L. Lowther indebtedness above referred to. A new note or notes were executed by him for the remaining indebtedness, with the same securities continuing as collateral, and thus a sale of the securities was avoided. There was evidence that the entire transaction was explained to Mrs. Lowther, that she had put her securities in her husband's hands to be used as collateral or as he saw fit, that she had authorized him to deal with them, and that she had perfect confidence in him. The trial court found against her upon her affirmative answer of fraud, and it is not seriously contended that upon the whole evidence this finding was unjustified.

It is argued in the reply brief that the fact that the securities were not sold at the time was of no benefit to Mrs. Lowther, since they were afterward sold at a value no higher or perhaps less than their market value at the time the note and mortgage were given. But it is clear from the evidence that the Lowthers did not want the securities sold, and it seems apparent that at that time they believed that they would appreciate in value, otherwise they would have consented to their immediate sale and the application of the proceeds to Mr. Lowther's notes and would have avoided the necessity of giving the note and mortgage in suit. Under the issues the trial court found that Mrs. Lowther was a principal, and it cannot be said that the evidence is insufficient to justify the finding. The bank issued its check for $20,000, which was indorsed by Mrs. Lowther with the knowledge that it was to be applied on Mr. Lowther's indebtedness secured by her collateral, and as a consequence her collateral was not sold, but accepted

as security for a new note for the balance of his indebtedness.

Upon the face of the note and mortgage Mrs. Lowther appeared as a principal, and, before the court could treat her as a surety, the burden was upon her to establish not only that she was a surety in fact, but that the creditor had notice that she was a surety. The application for the loan and the mortgage itself recite that the purpose of the loan was to refund an indebtedness for money which went into the improvement of the mortgaged real estate which at the time was owned by the Lowthers as tenants by the entireties. Mr. Lowther is an attorney-at-law, and Mrs. Lowther testified that she trusted her business to him and relied upon him. Both signed the application for the loan and the mortgage. There was a finding against the appellants upon the question of fraud, and there is no evidence which would require the conclusion that they were overreached in signing this representation. Mr. Lowther testified that at least $7,000 of the money borrowed by him, and secured by Mrs. Lowther's collateral, went into the improvement of the mortgaged real estate. But there is evidence that the appellee understood that the residence, costing $35,000 or more, was built entirely out of the loans so secured. There is no evidence which would require the conclusion that the bank at any time had any knowledge that the residence was built with other funds, or that the representation in the application for the loan and in the mortgage was untrue.

It seems clear upon principle and authority that where a husband borrows money in his own name, which is used in the improvement of the joint property of him and his wife, and the separate property of the wife is pledged as collateral for

the loan, it is not treated as the property of a surety, since the debt is in reality the debt of the wife as well as the husband; and it follows that where a husband and wife borrow money upon their joint note secured by a mortgage upon their real estate held as tenants by the entireties, and the money is used to pay a debt contracted in the name of the husband, but which was in reality the debt of both, the wife cannot be treated as a surety. Brandt, Suretyship and Guaranty, 3rd Ed., Vol. 1, § 45, p. 106; *Dickinson and Wife* v. *Codwise et al.* (1844), 1 Sandford's Chancery Reports, Ann. Ed., p. 214; *McFillen* v. *Hoffman and Wife et al.* (1882), 35 N. J. Eq. 364.

There was no error in overruling the motion to open the judgment and take additional testimony. At the trial there was evidence that the bank in its personal capacity, and not as trustee, gave the consideration for the note and was the original owner and bearer, and that it continued so to the time of trial. After judgment it was discovered that the records of the bank disclosed that about two years after the execution of the note it was sold and transferred to itself as trustee, to be held in trust to secure the payment of certain mortgage certificates. It was resold and transferred to the bank in its individual capacity after maturity. These facts, if read into the record, could not have affected the result.

The only point urged in respect to the overruling of the motion for a new trial by Richard L. Lowther is that there was no consideration for the note and mortgage in suit independent of the original indebtedness of Mr. Lowther. There was evidence from which the court might have concluded that, in consideration of the new loan, new security, and the

reduction of the previous indebtedness, the remainder of the indebtedness was to be extended and the appellee was to refrain from selling the collateral pledged as security. This was sufficient consideration.

The numerous legal propositions elaborately discussed relate to contentions based upon a state of facts which the trial court found not to exist. Therefore they need no consideration.

We find no error.

Judgment affirmed.

NOTE.—Reported in 50 N. E. (2d) 872.